EXHIBIT "A"

ELECTRONICALLY
FILED

1/21/2021 2:34 PM

SAN LUIS OBISPO SUPERIOR COURT
BY: _____
H. Esquivel, Deputy Clerk

Todd T. Cardiff, Esq.  (SBN 221851)
**LAW OFFICE OF TODD T. CARDIFF**
1901 First Avenue, Ste. 219
San Diego, CA  92101
Tel:  (619) 546-5123
Fax:  (619) 546-5133
todd@tcardifflaw.com

Attorney for Plaintiff
John Sears

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| JOHN SEARS | Case No. 21CVP-0017 |
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983); STATE LAW CLAIMS FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF** |
| v. | |
| CALIFORNIA HIGHWAY PATROL, a State Agency; DAVID AGREDANO, an officer with the California Highway Patrol; and DOES 1-40, inclusive, | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

## INTRODUCTION

1.     On January 23, 2020, Plaintiff John Sears, also known as "Mule," was traveling on Lake Naciemento Drive, in San Luis Obispo County, leading his two mules, when he was approached by Defendant California Highway Patrol Officer David Agredano. CHP Officer David Agredano requested and then ordered that Plaintiff "stay off the road." Such order and Plaintiff's subsequent arrest was in violation of the Plaintiff's natural, Constitutional and statutory rights to use the public

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

1

thoroughfare. By this action John Sears seeks to protect this ages-old nomadic way of life and the sacred relationship between man and horse to travel together with reverence and respect for this beautiful place in which we all reside called Earth.

2.      Nacimiento Lake Drive is part of the Juan Bautista de Anza Trail, a National Park Service Historic Trail that stretches 1200 miles between San Francisco and Nogales Mexico. It is a two-lane country road that twists through scenic golden hills characteristic of San Luis Obispo County. It is the ONLY route between town of Bradley and Paso Robles that avoids traveling on Highway 101.

3.      Along substantial stretches, Nacimiento Lake Drive is hemmed in by a hill on one side and a drop-off on the other. It has narrow to non-existent shoulders in many areas. The area directly adjacent to the road (off the pavement) would be difficult to impossible for a human walking two pack mules in toe to safely navigate.

4.      At the time that CHP Officer Agredano approached, Mr. Sears was approximately 8 miles outside of Paso Robles. A number of cars had called dispatchers claiming the mules were a safety hazard. Dash cam video demonstrates that cars were speeding by Mr. Sears and his mules, irrespective of the California vehicle code that requires them to slow down and even stop to avoid frightening or endangering the animals. CHP Officer Agredano did nothing to enforce such law. Instead, he arrested Mr. Sears a mile later at the intersection of Nacimiento Lake Drive and San Marcos Drive. Mr. Sears was 5.2 miles outside of the Paso Robles, with no alternative route to travel.

5.      Mr. Sears was arrested for failure to comply with a lawful order of a peace officer (Cal. Veh. Code 2800(a)) and pedestrian outside of crosswalk. (Cal. Veh. Code § 21954.) His mules and personal property were impounded and only released upon payment of a fee. Such $266 fee constitutes more than 90% of Mr. Sears' monthly income.

6.     The demand of the CHP Officer to keep off the road was not only impossible to safely comply with, but inconsistent with vehicle codes that provide that animals that are ridden or driven have the same rights as vehicles to use the public highway. In addition, video Mr. Sears was complying with the laws applicable to pedestrians and Californian Food and Agricultural Codes applicable to livestock on roads.

7.     If Plaintiff Sears arrest was lawful, it would destroy his ability to freely and safely travel throughout the state. Plaintiff has a natural, Constitutional and statutory right to travel the public thoroughfares while driving an animal (in this case a mule), without fear of arrest.

8.     Plaintiff Sears alleges that the arrest was in violation of the United States and California Constitution in that Defendant Agredano lacked probable cause for the arrest, sought to prevent Plaintiff from exercising his natural, Constitutional and statutory rights.

9.     Plaintiff Sears also seeks injunctive and declaratory relief to prevent further arrests and avoid a multiplicity of lawsuits. (Code Civ. Proc. § 1060.)  A judicial declaration is necessary so that he may present such judicial declaration to law enforcement in the future, and secure his right to safely travel the public thoroughfares without fear arrest.

10.     In summary, John Sears was arrested on the historically designated Juan Bautista de Anza Trail for using the same manner of travel as Juan Bautista de Anza used in 1775-1776.  Judicial intervention is necessary to preserve Mr. Sear's historic way of life.

---

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

3

## HISTORICAL AND LEGAL BACKGROUND

11.     Plaintiff John Sears practices an ancient nomadic way of life. Leading two mules, Mr. Sears travels constantly throughout California. He calls his group of travelers the "3 Mules" or "The Mules", with John being the "third mule".

12.     Plaintiff John Sears considers walking his mules a sacred act, and through his blog posts, he educates the community about the benefits of this ages-old nomadic way of life – walking with reverence and respect for the Natural World. The use of mules for travel has been documented to at least 3,000 bc in ancient Egypt.

13.     Mules were critical for the United States's western expansion. Because mules have harder hoofs and greater stamina than horses, they were the favored steed for miners during California's gold rush. By 1852, there were an estimated 16,000 mules in Northern California, and by 1855, the mule population swelled to over 31,000.

14.     The right to travel is not only enshrined in the United States Constitution and California Constitution, but dates back to at least the Magna Carte in 1215.

15.     Equating travel with the notion of "liberty" in the U.S. Supreme Court stated:

> Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage…It may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values.

(*Kent v. Dulles* (1958) 357 U.S. 116, 126.)

16.     As recognized by California Courts "[T]he right to intrastate travel (which includes intramunicipal travel) is a basic human right protected by the United States and California Constitutions as a whole. Such a right is implicit in the concept of a democratic society and is one of the attributes of personal liberty under common law."

---

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

4

(*In re White* (1979) 97 Cal.App.3d 141, 148 (citing U.S. Const., Art. IV, § 2 and the 5th, 9th and 14th Amends.; Cal. Const., art. I, § 7, subd. (a) and art. I, § 24).)

17.     Thus, the choice of how, when and where one travels cannot be unreasonably restricted.

18.     The California Vehicle Code 21050 recognizes that horses, mules and other animals are permitted to be ridden and driven on public road. Such code states:

> Every person riding or driving an animal upon a highway has all of the rights and is subject to all of the duties applicable to the driver of a vehicle by this division and Division 10 (commencing with Section 20000), except those provisions which by their very nature can have no application.

(Cal. Veh. Code § 21050.)

19.     Because of the significant speed difference between an equestrian and a motor vehicle, California placed the burden of motor vehicles to operate safely around equestrians and other animals. Cal. Vehicle Code states:

> The driver of any vehicle approaching any horse drawn vehicle, any ridden animal, or any livestock shall exercise proper control of his vehicle and shall reduce speed or stop as may appear necessary or as may be signalled or otherwise requested by any person driving, riding or in charge of the animal or livestock in order to avoid frightening and to safeguard the animal or livestock and to insure the safety of any person driving or riding the animal or in charge of the livestock.

(Cal Veh. Code § 21759.)

20.     The California Driver's Handbook states:

> Horse-drawn vehicles and riders of horses or other animals are entitled to share the road with motor vehicles. It is a traffic offense to scare horses or stampede livestock. Slow down or stop, if necessary, or when requested to do so by the riders or herders.

---

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

5

21.    Numerous other codes place conditions on the proper handling livestock and animals, while upholding the basic right to use the public thoroughfare. (See e.g., Cal. Food & Ag. Code § 16902, 16903.)

**VENUE**

22.    Venue is proper in San Luis Obispo Superior Court in that the incidents complained of herein occurred in San Luis Obispo County.

23.    This Case should be assigned to the Paso Robles Branch of the San Luis Obispo Superior Court, pursuant to Local Rule 9.27, because the incidents complained of herein occurred in the unincorporated area of the County, near Paso Robles.

**PARTIES**

24.    Plaintiff John Sears is an individual. He lives a nomadic life and, therefore, considers himself a citizen of California without a residential address.

25.    Defendant California Highway Patrol is a state agency. It is alleged on information and belief that the California Highway Patrol has jurisdiction to enforce the traffic laws on all roads throughout California, including in the area where Plaintiff was arrested.

26.    Defendant David Agredano is a law enforcement officer employed with the California Highway Patrol. Defendant David Agredano is being sued in his individual capacity. It is alleged on information and belief that all acts complained of herein were done within the scope of his employment with the California Highway Patrol.

27.    DOES 1-40 are currently unknown to Plaintiff. DOES 1-40 may be either other individuals or state agencies that are, in some way, responsible for the actions complained of herein. Plaintiff will seek to move the court to add such parties as their

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

6

1  names, and capacities are discovered, unless Plaintiff determines that DOES 1-40 are

2  not necessary or indispensable parties and are not required for the court to fully

3  adjudicate the issues of the case.

4      28.    Pursuant to Code of Civil Procedure section 389, subd. (c), Plaintiff is not

5  naming Commissioner Amanda Ray, in her official capacity, based on case law

6  indicating that it would be redundant to name both the public agency and the policy

7  making head of the public agency.  It is alleged on information and belief that complete

8  relief sought under the declaratory relief cause of action can be afforded without

9  Commissioner Amanda Ray as a party.  However, if Commissioner Amanda Ray is a

10  necessary and indispensable party, Plaintiff will seek a stipulation or leave of court to

11  add her to the complaint.

12
      29.    It is further alleged, on information and belief, that Defendant California

13  Highway Patrol is uniquely positioned and qualified to represent the interest of all law

14  enforcement throughout the State with regard to the natural, Constitutional, and

15  statutory rights sought to be protected in this action.  To the extent that the State of

16  California is a necessary and indispensable party, Plaintiff will seek to add such party.

17

18

19                        **FIRST CAUSE OF ACTION**
20                **VIOLATION OF CONSTITUTIONAL RIGHTS**
21                          **(42 USC § 1983)**
                       **SEARS V. AGREDANO AND DOES 1-40**
22

23      30.    Plaintiff incorporates and re-alleges all previous paragraphs as if fully set

24  forth herein.

25      31.    Plaintiff has natural, Constitutional and statutory right to travel along the

26  public roadways with his mules, including, but not limited to the Fifth and Fourteenth

27  Amendments of the U.S. Constitution and Art I, sections 1 & 7 of the California

28  Constitution.

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

7

32.     Defendant violated such rights by ordering him off the road in violation of such rights.

33.     Defendant's order was not a lawful order, and was not possible to comply without grave risk to his livestock.

34.     Defendant lacked probable cause to arrest Plaintiff for failing to comply with an order that was not lawful.

35.     Defendant lacked probable cause to arrest Plaintiff for failing to comply with Vehicle Code section 21954, in that the evidence demonstrates that all times, Plaintiff, if he could be considered a pedestrian, was complying with Vehicle Code section 21954 and all other codes applicable to Pedestrians.

36.     Defendant lacked probable cause to arrest Plaintiff because Plaintiff has a right to drive, lead or accompany his mules along the public highway, pursuant to Cal. Vehicle Code § 21050, and there was no evidence that Plaintiff was in violation of Food and Agricultural Codes section 16901, 16902, 16903.

37.     Defendant denied Plaintiff equal protection under the law in that he was not enforcing laws that prohibit motorists from frightening animals on the road, but arrested Plaintiff for animals being on the road.

38.     Because of such unlawful arrest, Plaintiff was improperly stripped down to shorts and t-shirt and placed in a cold cell. Because he was placed in isolation, and denied shoes, socks, and a blanket, Plaintiff feared that he was being placed on suicide watch, was potentially subject to being committed, put on a psychiatric hold, being deprived of his animals for an extended period of time, or his animals being permanently confiscated, and losing his freedom. Such detention caused significant emotional distress, including substantial anxiety, fear, anger, outrage, and other disturbing emotions. In addition, the impound fees to free his animals after detention almost matched his monthly income, causing him further emotion distress.

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

8

39.     After his arrest, the CHP wrongfully publicized his arrest, defamatorily claiming he was violating the law, damaging his reputation as a law abiding citizen, and knowingly publishing false information stating that he was violating the law, despite knowing that equestrians, livestock and animals are legally allowed to use the road.

40.     Plaintiff is entitled to general damages including pain, suffering and mental distress and previously pled, in amount to be proven at trial.

41.     Plaintiff is entitled to special and economic damages in amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (FALSE ARREST/FALSE IMPRISONMENT)
### SEARS V. AGREDANO AND DOES 1-40

42.     Plaintiff incorporates and re-alleges all previous paragraphs as if fully set forth herein.

43.     Plaintiff complied with all requirements of the Government Tort Law Claims Act, including, but not limited to timely filing a claim with the California Department of General Services, identifying the incident and describing his damages.

44.     Any defect in the claim was waived by failure of the California Department of General Service or any other government entity, including the CHP , to object to the claim and identifying the defect in the claim.

45.     Such claim was denied, without response from the California Department of General Service and/or the California Highway Patrol, by operation of law.

46.     Plaintiff alleges that he was falsely arrested by Defendant Agredano on January 23, 2020.

47.     Defendant arrested Plaintiff without a warrant and lacking probable cause that any crime had been committed.

48. At no time did Plaintiff resist arrest, however, Plaintiff in no way consented to his arrest, making clear his objections to the arrest, and fully asserting his legal rights to travel along the road.

49. Such arrest was without legal authority.

50. Because of the arrest, Plaintiff's livestock and personal belongings were impounded and caused to be wrongfully seized by defendant.

51. On the arrest form, David Agredano refused to immediately release him, and instead checked the box stating "if released immediately, would jeopardize the prosecution of the offense or offenses for which arrested or the prosecution of any other offenses. Checking such box, unlawfully resulted in Plaintiff being detained and falsely imprisoned, despite the misdemeanor nature of the false charges.

52. Plaintiff is entitled to general damages including pain, suffering and mental distress and previously pled, in amount to be proven at trial.

53. Plaintiff is entitled to special and economic damages in amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE BANE ACT)
### SEARS V. AGREDANO AND DOES 1-40

54. Plaintiff incorporates and re-alleges all previous paragraphs as if fully set forth herein.

55. Plaintiff has a right to travel along the Juan Bautista De Anza Historic Trail by mule that is protected by the U.S. and California Constitution.

56. Plaintiff and his animals have a right to use the roads and be protected from motorized vehicles under statutory law.

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

10

57.     Defendant sought to intimidate and coerce plaintiff into foregoing such rights by color of law, by first demanding that Plaintiff stay off the road, and then by arresting plaintiff for exercising his right to use the road to travel with his mules.

58.     Defendant denied Plaintiff equal protection by failing to enforce the vehicle requiring drivers to slow down or stop in the vicinity of animals on the road, and instead arrested Plaintiff

59.     Defendant intentionally sought to prevent Plaintiff from using such route in the future for traveling by mule through threat of arrest, arrest, and coercion.

60.     The portion of Juan Bautista de Anza Historic Trail, that includes Nacimiento Lake Drive, constitutes the only route between Bradley and Paso Robles, other than Highway 101.

61.     Plaintiff is entitled to general and specific damages under Civil Code sections 52 and 52.1 for such threats and coercion that sought to prevent, and did prevent plaintiff from peacefully enjoying his Constitutional and statutory rights, and the rights of his mules, including the damages arising from his arrest, imprisonment, and the impounding of his animals.

62.     Plaintiff is entitled to injunctive relief prohibiting Defendant David Agredano and all members of the California Highway Patrol from threatening arrest or arresting Plaintiff for traveling with his mules on the road along the Juan Bautista de Anza Trail or any other public thoroughfares within the jurisdiction of the California Highway Patrol.

63.     Plaintiff is entitled to equitable and declaratory relief, pursuant to Civil Code sections 52 and 52.1 to a judicial declaration that Plaintiff is entitled to drive, walk, or guide his mules on the road along the Juan Bautista de Anza Trail or any other public thoroughfares within the jurisdiction of the California Highway Patrol.

**FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF AND INJUNCTIVE RELIEF**
**SEARS V. CALIFORNIA HIGHWAY PATROL**

64.     Plaintiff incorporates and re-alleges all previous paragraphs as if fully set forth herein.

65.     Plaintiff brings this action on behalf of himself and all similarly situated individuals who seek to safely travel and use the public thoroughfares throughout California.

66.     This action is vital not only to Mr. Sear's way of life, but all owners of equines and livestock who wish or must use the public thoroughfares for travel, work, or enjoyment.

67.     It is alleged on information and belief that the California Highway Patrol is a State agency created in 1929 to provide uniform traffic law enforcement throughout the State of California.

68.     It is alleged on information and belief that the California Highway Patrol has jurisdiction to enforce the vehicle codes on all public roads and highways throughout California, including roads in local jurisdictions.

69.     It is further alleged on information and belief that the California Highway Patrol is uniquely situated to represent the rights of all law enforcement agencies with regard to the right to safely travel along the State's public roads and highways.

70.     Plaintiff alleges that he has a right to use the public road, in a safe manner, including using vehicle lanes when necessary.

71.     Plaintiff alleges that the California Highway Patrol alleges that when Plaintiff is walking with his mules, Plaintiff and his mules are pedestrians with the meaning of California Vehicle Code, must comply with the laws applicable to pedestrians, including not encroaching into the vehicle lanes. (Veh. Code §§ 21954, 21956.)

72.   Plaintiff disputes such interpretation and alleges that his mules have a right to use and encroach into the vehicle lanes as supported California Vehicle Code sections 21050 and 21759, and implied by California Food and Agricultural Codes sections 16902 and 16903.

73.   Plaintiff alleges that the California Highway Patrol's interpretation violates the Constitution, in that to comply with such interpretation would render his ability to travel throughout the State null and void, in that he could not safely and reasonably comply with such law.

74.   A judicial declaration of Plaintiffs rights and duties is necessary, in that Plaintiff is constantly approached by law enforcement, many of whom are simply curious, others who are supportive, many who are uninformed, some of whom can be persuaded that he has a right to use the road, and some of whom, like Defendant David Agredano, who threaten to arrest Plaintiff or actually arrest Plaintiff.

75.   While Plaintiff believes that the law is clear and no reasonable officer knowing the law could reasonably arrest Plaintiff for using the public road, a judicial declaration of Plaintiff's rights and duties is necessary to allow Plaintiff to travel freely without interference or interaction with law enforcement.

76.   Such judicial declaration is necessary to avoid a multiplicity of lawsuits.

77.   Plaintiff also requests injunctive relief compelling the California Highway Patrol to issue a bulletin and training material to all law enforcement agencies informing them of the right for horses, mules, and other livestock to use the public road when accompanied by a human, is a lawful activity, and that motorist must slow down or stop until it is safe to pass without frightening the animal.  (Cal. Veh. Code § 21759.)

78.   Plaintiff is entitled to attorney's fees for enforcing an important right affecting the public interest, pursuant to Code of Civil Procedure section 1021.5.

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

1.     For general damages according to proof at trial;

2.     For special damages according to proof at trial;

3.     For injunctive relief prohibiting Defendant David Agredano and all members of the California Highway Patrol from threatening arrest or arresting Plaintiff for traveling with his mules on the road along the Juan Bautista de Anza Trail or any other public thoroughfares within the jurisdiction of the California Highway Patrol;

4.     For injunctive relief mandating the California Highway Patrol publish and distribute a training bulletin informing law enforcement that horses, mules, and livestock (accompanied by a person) have the right to use the public road;

5.     For declaratory relief that the walking of mules and other livestock on the public roads, highways, and thoroughfares is lawful;

6.     For attorney's fees pursuant to 42 USC 1988, Cal. Civ. Code §§ 52 & 52.1, and Code of Civ. Proc. § 1021.5 or any other legal right to attorney fees;

7.     For costs of suit incurred herein;

8.     For such other equitable and legal relief that the court may grant in the interest of justice.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to each and every cause of action against each and every Defendant, to the extent permitted by law.

DATE: January 19, 2021

                        Todd T. Cardiff, Esq.
                        Attorney for Plaintiff

---

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

14

## VERIFICATION

I, John Sears, declare:

I am the Plaintiff in the above-titled action. I have reviewed the foregoing complaint and am familiar with its contents. I verify that the factual are true of my own personal knowledge, except for facts alleged on information and belief, and as to those facts, I believe them to be true. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 19th day of January, 2021, in the County of San Diego.

_____
John Sears

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

15

EXHIBIT "B"

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CALIFORNIA HIGHWAY PATROL, a State Agency; DAVID AGREDANO, an officer with the California Highway Patrol; and DOES 1-40, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN SEARS

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
| --- |
| **ELECTRONICALLY FILED** |
| 1/21/2021 2:34 PM |
| SAN LUIS OBISPO SUPERIOR COURT BY: _____ H. Esquivel, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 21CVP-0017 |
| --- | --- |

San Luis Obispo Superior Court, Paso Robles Branch

901 Park Street, Paso Robles, CA 93446

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd T. Cardiff, Esq., 1901 First Ave., Ste. 219, San Diego, CA 92101 (619) 546-5123          /s/Michael Powell

| DATE: 1/21/2021 2:34 PM *(Fecha)* | Clerk, by _____ *(Secretario)* | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* California Highway Patrol, a State Agency
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity
4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]          [ Clear this form ]

EXHIBIT "C"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CALIFORNIA HIGHWAY PATROL, a State Agency; DAVID AGREDANO,
an officer with the California Highway Patrol; and DOES 1-40, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN SEARS

**ELECTRONICALLY FILED**

1/21/2021 2:34 PM

SAN LUIS OBISPO SUPERIOR COURT
BY: _____
H. Esquibel, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| San Luis Obispo Superior Court, Paso Robles Branch<br>901 Park Street, Paso Robles, CA  93446 | 21CVP-0017 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd T. Cardiff, Esq., 1901 First Ave., Ste. 219, San Diego, CA 92101   (619) 546-5123       /s/Michael Powell

| DATE:   1/21/2021 2:34 PM<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]        [ Clear this form ]

EXHIBIT "D"

| SUPERIOR COURT, COUNTY SAN LUIS OBISPO | |
| San Luis Obispo Branch, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408<br>Paso Robles Branch 901 Park Street, Paso Robles, CA 93446 | |
| JOHN SEARSvs.David Agredano | **CASE NUMBER**<br><br>**21CVP-0017**<br><br>**Case Management Conference** |

1/25/2021

# NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

This case is assigned to **Judge Hurst, Linda D.** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice; the Standing Case Management Order (located at https://www.slo.courts.ca.gov/os/tentativerulings.htm ) of the judge assigned for all purposes and must file proofs of service within 60 days after the Complaint is filed.

**Defendants shall file responsive pleadings with 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference **on May 24, 2021, 9:00 AM, Paso Robles Department 2** THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE. For information about telephone appearances call **COURTCALL** at (888)882-6878.

2. Parties are responsible for reviewing and following the Case Management Order of the assigned judge. The orders are located at https://www.slo.courts.ca.gov/os/tentativerulings.htm

3. Each party must file and serve a Case Management Statement at least 15 days before the conference.

4. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution.

5. Trial will be set within the 11th or 12th month after the filing of the Complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.

6. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's office.

7. Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules. **LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00.

EXHIBIT "E"

# SUPERIOR COURT, STATE OF CALIFORNIA
# COUNTY OF SAN LUIS OBISPO
## PASO ROBLES BRANCH
### Department 2

STANDING CASE MANAGEMENT ORDER
FOR CASES ASSIGNED TO THE CIVIL ASSIGNED JUDGE SITTING IN DEPARTMENT P2

---

### INSTRUCTIONS TO PLAINTIFF(S)/CROSS-COMPLAINANT(S):

**YOU shall serve a copy of this Standing Case Management Order on all Defendants/Cross-Defendants at the same time the complaint/cross-complaint is served.**

---

## I.    GENERAL MATTERS

A.    It is the Court's policy to provide a dignified forum in which to resolve disputes in a peaceful, professional, legally correct and expeditious manner.  All of the following rules are designed to achieve these goals.  It is not the Court's intention to prohibit a party from raising any issue by any means allowed by Rule of Court, Code or statute.  If any of the rules or procedures discussed herein creates a problem, counsel should raise the matter with the Court at the earliest opportunity.

B.    Electronic communication with the courtroom clerk is permissible for routine communications having to do with scheduling, stipulated continuances, and/or joint requests.  Substantive arguments are not permitted unless approved by the Court.  In any correspondence with the clerk, opposing counsel should be copied in order to avoid ex-parte communications.  The clerk's email address is Julie.Vierra@slo.courts.ca.gov.

## II.    CASE MANAGEMENT CONFERENCES ("CMC")

A.    Unless otherwise specifically ordered, CMC Statements are required.  The Court expects that counsel will be prepared to discuss the current status of the case, discovery, amenability to mediation, and any unusual factual, legal or evidentiary issues that may need resolution.  Counsel who fails to appear will typically be set for an OSC hearing why sanctions should not be issued.  The initial amount is ordinarily $250.00.

B.    Early mediation is strongly encouraged.  Good faith participation in mediation will ordinarily excuse participation in a Mandatory Settlement Conference.  The Court will typically sign an order to mediate at an early CMC.

## III.    MEDIATION

A.    The parties are strongly encouraged to engage in early, meaningful mediation.  Mediation will ordinarily take place within 90-120 days of all parties' appearance, but a longer time may be allowed.

B.    Parties who select private mediation should comply with the mediator's instructions regarding briefing and payment of fees, which ordinarily should be divided equally.

C.    A worthwhile mediation process means that parties, attorneys and any other person whose consent or authority is required to achieve a final disposition of the dispute should be present, as well as a representative of any insurer who has authority to settle the case for any amount up to the limits of the policy.

## IV.    LAW AND MOTION MATTERS

A.    To the extent practicable, the Court will post tentative rulings on law and motion matters on the Court's website no later than the evening before the hearing.  The Court's website is located at www.slocourts.net.

---

B.  When parties agree to submit the matter based on a tentative ruling, or to have a matter taken off calendar, counsel should promptly notify both the courtroom clerk and the Research Attorneys via e-mail or by phone. This is important in order to avoid unnecessary commitment of judicial resources to moot matters. The contact information for the Research Attorneys is SloCourtAttorneys@slo.courts.ca.gov.

C.  Resolution of Discovery Disputes

1.  The Parties may stipulate to proceeding with an informal Pretrial Discovery Conference in lieu of filing and serving discovery motions under Sections 2016.010 through 2036.050. In that event, the parties shall proceed as follows:

    a.  All parties to the discovery dispute shall sign a written stipulation electing to resolve the specified discovery dispute(s) between them according to the procedure outlined in this section IV.C. In such event, the parties stipulate to waive their right to proceed with regularly noticed motions and stipulate that the Court can issue binding discovery orders as a full and final resolution of such disputes(s).

    b.  Any request for a Pretrial Discovery Conference must be filed with the clerk's office on the approved form (provided by the clerk), must include a brief summary of the dispute, and must be served on opposing counsel in the same manner as the request is filed with the clerk. Any opposition to a request for a Pretrial Discovery Conference must also be filed on an approved form (provided by the clerk), must include a brief summary of why the requested discovery should be denied, must be filed within two (2) business days of receipt of the request, and must be served on opposing counsel in the same manner as the opposition is filed with the clerk.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  The parties will be notified by minute order whether the request has been granted or denied and, if granted, the date and time of the Pretrial Discovery Conference.

    e.  The Court will issue a binding order at the conclusion of the Pretrial Discovery Conference.

D.  Default Prove-Ups

1.  The Court strongly encourages parties to submit evidence of damages in support of a judgment after default in the form of written declarations. Accordingly, hearings to receive live testimony and other evidence reflecting damage claims will not be scheduled until after the party seeking a default judgment has first attempted to prove the nature and extent of monetary damages by written declarations. If live testimony is required after review of written declarations, the Court will contact the party to schedule a hearing.

## V.  READINESS CONFERENCE

A.  These conferences are typically scheduled during the week before trial. At these conferences, trial counsel should be *personally present*, and prepared to discuss at least the following topics:

1.  Estimated trial length. A jury trial will ordinarily be in session from Monday through Friday from 1:30 to 4:40 p.m.

2.  Number, timing and availability of witnesses, as well as any special witness needs, or the need to call witnesses out of order.

    a.  Counsel have responsibility for arranging the appearance of all witnesses during their presentation of the case so as to eliminate delays. Counsel should confer among themselves as to when witnesses will be needed *at least 24-48 hours in advance of a witness' testimony.*

    b.  Counsel are to inquire of their clients and witnesses to determine whether they are in need of any type of accommodation with an interpreter, under the Americans with Disabilities Act, or any other type of assistance.

3.  Numbering and exchange of exhibits. The parties are encouraged to agree upon an exhibit numbering system. Exhibits in the case-in-chief should be pre-marked and exchanged *no later than the morning of trial and earlier if feasible.* The use of exhibit books or binders is strongly encouraged

4. Voir dire procedures, mini-opening statements and jury questionnaires. Counsel should attempt to agree upon a brief neutral statement of the case to be read to the prospective jury panel.

5. Jury instructions and verdict forms.

    a. Counsel are to deliver all proposed instructions, verdict forms and requests for special findings to the Court and to opposing counsel *no later than the morning of trial*. Proposed instructions shall be complete in all respects without unfilled "blanks" or "bracketed" portions.

    b. Either before or shortly after trial starts, counsel are to meet and confer with the goal of reducing the amount of contested jury instructions and disagreement as to the form of the verdict. Within two (2) court days after beginning trial, all counsel should notify the Court in writing as to which of the proposed instructions, and which sections of the verdict form, are acceptable to all parties, and which are disputed.

6. Stipulations to reduce the length of trial. Counsel should consult with each other regarding all possible stipulations and reduce them to writing. In particular, counsel should consider waiving the necessity for authentication/foundational evidence regarding all trial exhibits, unless authentication is an important issue

7. Motions in limine. Prior to hearings on motions in limine, counsel should review *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 669-677, and its progeny. Counsel should advise their clients and witnesses about rulings on motions in limine that pertain to evidentiary issues. Counsel will be held responsible for any violations of rulings on motions in limine.

## VI.   TRIAL

A.   The Court will typically hear organizational and scheduling matters, procedural issues and in limine motions at the beginning of trial, including any matters left over or continued from the readiness conference.

    1. Originals of all depositions to be used in the trial are to be lodged with the Clerk at this time. At the end of the trial, these depositions can be picked up from the Clerk, or they can be returned by mail at the party's expense.

B.   Jury Selection Procedures

    1. Jury selection ordinarily begins at 1:30 p.m. the first day of trial.

    2. Mini opening statements of no more than 3 minutes per side are encouraged prior to jury selection.

    3. After the entire panel is screened for hardship, eighteen names are drawn at random, and voir dire is conducted. Unless otherwise ordered, a time limit of thirty minutes per side for 18 prospective jurors will apply.

    4. Challenges for cause are exercised and ruled upon at sidebar. Upon request, counsel will be given the opportunity to make a record of any unreported sidebar conference once the jury is not present.

    5. At least two alternate jurors are typically selected. If it becomes necessary to substitute an alternate juror, the first alternate chosen will be the first substitute.

    6. Trial Procedures

        a. No charts, diagrams or other exhibits should be shown or read aloud to the jury unless by stipulation or after admission of the item into evidence.

        b. Counsel should provide hard copies of any power point presentations, audio or video recordings and the like to opposing counsel in advance of showing them to the jury

    c.   If counsel will seek to introduce an audio recording (or audio portion of a video recording), please review California Rule of Court 2.1040.

    d.   Marking documents out of files: Please review *Neal v. Farmers Insurance Exchange* (1978) 21 Cal.3d 910, 923-924.

    e.   Any object that cannot be folded into 8½" x 11" such as models, blowups, etc. should be accompanied by either a photograph or a photocopy to be retained by the Court in lieu of the oversized exhibit.

    f.   When objections are made, counsel should state only the legal basis, without speaking objections.

    g.   Sidebar conferences are normally held off the record. Counsel may make a record of any unreported sidebar conference at an appropriate opportunity in the proceedings. During trial, if counsel wish to place matters on the record, he or she may so request and the Court will provide an opportunity to do so, ordinarily at the end of the trial day once the jury has been excused.

7.    Post-Trial Procedures

    a.   After the verdict is rendered by the jury, the prevailing party is expected to prepare the judgment, which should be submitted on the next Court day following trial unless otherwise ordered.

    b.   Counsel should make arrangements with the Clerk to withdraw exhibits in cases that will not be appealed. The Clerk will hold the exhibits for sixty days after the filing of the notice of entry of judgment. Any exhibits remaining after that time will be destroyed unless a notice of appeal is filed.

**DATED: September 6, 2016**

        /S/ _____

        **CIVIL ASSIGNED JUDGE FOR DEPARTMENT P2**
        *Judge of the Superior Court*
        *County of San Luis Obispo*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**   ☐ **LIMITED CASE** <br> (Amount demanded   (Amount demanded is $25,000 <br> exceeds $25,000)   or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

a.   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:                          f.   Fax number:

e.   E-mail address:                              g.   Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. **c.** Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

       (1) Name of case:

       (2) Name of court:

       (3) Case number:

       (4) Status:

   ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form |    | Save this form |          | Clear this form |

EXHIBIT "F"

## ALTERNATIVE DISPUTE RESOLUTION POLICY STATEMENT

### WAYS TO RESOLVE YOUR DISPUTE WITHOUT A TRIAL
Presented by the San Luis Obispo County Superior Court

The mission of your Superior Court is to resolve civil disputes fairly and efficiently. It is the court's policy to encourage persons involved in a lawsuit to consider methods other than a trial to resolve their disputes.

Did you know that 95% of all cases filed in court do not go to trial? Most cases are settled or decided in some other way. In fact, methods of settling disputes that do not require a trial have become the first choice of most businesses, government agencies and unions. Agreements to mediate or arbitrate disputes are now commonly found in contracts covering employment, medical care, banking and insurance.

Alternative Dispute Resolution is a catch-all term that refers to the ways other than a trial that can be used to resolve the dispute you brought to the courthouse. These options are typically less formal than trial and many provide opportunities to reach an agreement through a problem-solving approach rather than the adversarial approach of a trial. ADR can save time, reduce costs and increase your overall satisfaction with the outcome.

### THE ADVANTAGES OF ADR

**Reduce Legal Costs**: Nearly all cases are resolved without a trial. If a settlement is likely anyway, wouldn't it be better to save attorneys fees, court costs and experts fees by settling early? In a recent survey, two thirds said they saved money by using ADR.

**Reduce The Time Spent on the Dispute**: A dispute can usually be decided or settled much sooner by using ADR. It is almost always less expensive.

**Increase Control Over the Result**: Some methods of ADR allow the parties to fashion creative resolutions that are not available in a trial. Other ADR methods permit the parties to entrust a decision about the dispute to an expert in a particular field instead of to a judge or a jury without the same experience or knowledge. And in ADR, both the dispute and its resolution can remain confidential.

**Preserve Relationships**: ADR is generally a less adversarial and hostile forum for dispute resolution than a trial. An experienced mediator or arbitrator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**: In ADR, the parties usually have a better chance to tell their side of the story than they do in trial. This increases the likelihood the case will settle as well as the parties= overall satisfaction with the outcome.

**Improve Attorney-Client Relationships**: Attorneys may benefit from ADR by being seen as problem-solvers instead of as aggressive advocates. Quick, cost-effective results are likely to produce repeat and new business from clients and their friends and associates.

### WHAT ARE THE ADR OPTIONS?

#### MEDIATION

In mediation, an independent, neutral person called a mediator helps the parties reach a mutually acceptable resolution of their dispute. The mediator does not decide the dispute but is trained to help the parties communicate so they can settle the dispute on terms they design themselves.

If mediation does not result in a settlement, the case is returned to court. And if the case goes to trial, there are laws that protect the confidentiality of the things discussed during mediation.

**Advantages**: Mediation leaves control of the outcome with the parties. It may be a particularly effective tool when the

CVDC04
Rev 07/01/02
Mandatory

ALTERNATIVE DISPUTE RESOLUTION

SLO rule 9.11.4

www.slocourts.net

parties have a continuing relationship to consider such as persons who work together, are neighbors or are members of the same family. Mediation is also effective where emotions are blocking a resolution. An effective neutral mediator can hear the parties out and help them communicate with each other in an effective and non-destructive manner.

**Disadvantages**: Mediation may be ineffective if one of the parties will not cooperate or is unwilling to compromise. And it may not be a good choice if the history of the parties includes abuse or victimization. Mediation may not produce a satisfactory resolution of the dispute if one of the parties has a significant advantage in power or rank than cannot be neutralized by the mediator.

## ARBITRATION

In arbitration, an independent, neutral person called an arbitrator decides what the outcome of the dispute will be. Each side presents evidence supporting its case in a setting that is more informal than a trial. Rules of evidence are relaxed.

Arbitration may be either binding or non-binding. Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's award as final. Generally, there is no right to appeal an arbitrator's final decision. Non-binding arbitration means that the parties are free to request a trial by a judge or a jury if they are unwilling to accept the arbitrator's findings and award.

**Advantages**: Arbitration is informal and usually less expensive than a trial. If the dispute involves a particularly complex matter, the parties can select an arbitrator who has training or experience in the subject matter of the dispute. If the dispute is not complex, the parties may simply wish to avoid the expense of a trial

**Disadvantages**: Generally, there is no appeal from a arbitrator's finding or award even if it is not supported by the evidence or the law. If a party to a non-binding arbitration requests a trial, there may be penalties for failing to achieve a better result.

## NEUTRAL EVALUATION

In early neutral evaluation, the parties employ an expert in the subject matter of the dispute and ask him or her to give them an opinion about how the dispute ought to be resolved. The expert's opinion is not binding and the parties use it to negotiate a resolution of the dispute.

**Advantages**: Neutral evaluation can produce early, creative settlements. If the parties are willing to listen and to compromise, the opinion of an expert they mutually select can provide a solid foundation for a long-lasting agreement.

**Disadvantages**: An expert can be expensive. The parties usually agree that neither the expert nor his or her opinion can be used in a trial if they cannot agree.

## COURT-SUPERVISED SETTLEMENT CONFERENCE

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a court-supervised settlement conference officer. The settlement conference judge or officer does not make a decision that is binding upon the parties. The judge or settlement officer helps the parties evaluate the case and to make decisions about settlement.

**Advantages**: A mandatory settlement conference gives the parties an opportunity before trial to negotiate a settlement in light of what they learned investigating the case and through discovery. The opinion of a settlement judge about the most likely outcome may inspire the parties to reevaluate their positions.

**Disadvantages**: A mandatory settlement conference is usually late in the life of a litigated dispute. It comes only after time and money has been spent preparing for trial. The parties' positions may have been hardened by what they have been through and they may be less willing to compromise.